UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GRAY DOG INVESTMENTS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-CV-0331-B |
| | § | |
| CAPITAL FUND REIT, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiff Gray Dog Investments LLC ("Gray Dog")'s Motion for Leave to File a First Amended Complaint with Joinder (Doc. 20). For the following reasons, the Court **DENIES** Gray Dog's Motion.

### I.

### BACKGROUND

In this wrongful foreclosure case, Defendant Capital Fund REIT, LLC ("Capital Fund") foreclosed on property (the "Property") owned by Gray Dog in October 2024. Doc. 1-3, Pet., 7.[1] Lisa Nguyen, whom Gray Dog seeks to join as a plaintiff and next friend, is the managing member of Gray Dog. *Id.* at 7. She lived at the Property with her daughters, "Daughter Doe" and "Baby Doe," whom Gray Dog seeks to join as plaintiffs. *Id.* at 9. Capital Fund evicted Nguyen and her daughters on February 6, 2025. Doc. 20, Mot., 2; Doc. 1-3, Ex., 53. The same day, Gray Dog filed a Petition in state court bringing claims for wrongful eviction and wrongful foreclosure, requesting a declaratory judgment and injunctive relief. *See* Doc. 1-3, Pet.

---

[1] The Court uses the ECF pagination when citing to Doc. 1-3.

Capital Fund removed this case on February 10, 2025 and filed a Motion for Summary Judgment on February 13, 2025. *See* Doc. 1, Notice Removal; Doc. 6, Mot. Summ. J. The Court issued a scheduling order on March 6, 2025. *See* Doc. 12, Scheduling Ord. The deadline to amend pleadings or join parties was March 13, 2025. *See id.* at 1. On June 3, 2025, Gray Dog filed a Motion for Leave to File a First Amended Complaint with Joinder (Doc. 20). Gray Dog seeks to add eight new claims, an amended declaratory judgment claim, and Nguyen and her daughters as new plaintiffs. *See id.* The Court considers the Motion below.

## II.

## LEGAL STANDARD

Once a scheduling order's deadline to amend the pleadings has passed, parties moving to amend their pleadings must satisfy Federal Rule of Civil Procedure 16(b). *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). Rule 16(b)(4) requires the moving party to show that "good cause" warrants amending its pleadings. FED. R. CIV. P. 16(b)(4). The Fifth Circuit has interpreted the "good cause" standard to assess four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C.*, 315 F.3d at 536 (internal alterations and quotations omitted).

District courts "more carefully scrutinize a party's attempt to raise new theories . . . by amendment when the opposing party has filed a motion for summary judgment." *Parish v. Frazier*, 195 F.3d 761, 764 (5th Cir. 1999); *see also Wade v. Cycle Mart, L.P.*, No. A-14-CV-00427-ML, 2015 WL 4404876, at *4 (W.D. Tex. July 17, 2015). "Only upon the movant's demonstration of good

cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S&W Enters., L.L.C.*, 315 F.3d at 536.

## III.

## ANALYSIS

The Court **DENIES** Gray Dog's Motion. Although Gray Dog fails to discuss Rule 16(b)'s good cause standard, the Court will apply the standard to determine whether good cause warrants leave to amend. *See Thompson v. Midland Coll.*, No. MO:22-CV-00246-DC, 2024 WL 3379736, at *1 (W.D. Tex. Apr. 22, 2024) (applying Rule 16(b)'s factors even though plaintiff failed to do so); *BNSF Ry. Co. v. Bhd. of Locomotive Eng'rs & Trainmen*, No. 3:12-CV-1419-B, 2013 WL 12126269, at *5 (N.D. Tex. Mar. 22, 2013) (Boyle, J.) (finding good cause and granting leave to amend even though plaintiff failed to "directly address the requirements of Rule 16(b)(4)").

The Court finds good cause does not exist under Rule 16(b). The first factor weighs against a finding of good cause because Gray Dog' failed to address alleged misrepresentations in its explanation for its delay. Thus, notwithstanding the remaining factors, the Court does not find good cause. Accordingly, the Court will not grant leave to amend under Rule 15.

A.   *Gray Dog's Explanation for its Failure to Timely Move Weighs Against a Finding of Good Cause.*

First, Gray Dog's explanation for its failure to timely move for leave to amend weighs against a finding of good cause. "To provide sufficient explanation for failure to timely move for leave to amend, the moving party . . . must show that, despite his diligence, he could not have reasonably met the scheduling deadline." *Hammond v. United States*, No. 1:21-CV-00686-DAE, 2023 WL 8113860, at *3 (W.D. Tex. June 6, 2023) (citation omitted). Gray Dog asserts it failed to amend before the Court's scheduling deadline because it was waiting for Capital Fund to supplement its

document production with loan payment history and email communications between Gray Dog and Capital Fund. Doc. 20, Mot., 2, 4. Gray Dog also says, "As of the date of this filing, [Capital Fund] has not yet supplemented its document production, breaking now two agreements to do so." *Id.* at 4.

Gray Dog's explanation is unavailing. Gray Dog's new parties and causes of action did not require the supplemental documents. And crucially, Gray Dog misrepresented the status of Capital Fund's document production. Capital Fund produced the requested documents on May 30, 2025. Doc. 29, Resp., 3. Gray Dog filed its proposed amended complaint on June 3, 2025, after Capital Fund had provided supplemental documents. *See* Doc. 20, Mot. Rather than account its delay to the fact that Capital Fund did not supplement its documents *until* May 30, Gray Dog said Capital Fund did not supplement its documents *at all*. Doc. 20, Mot., 4. And Plaintiff's proposed Amended Complaint alleges it cannot state the exact amount by which Gray Dog was ahead in payments because Defendant refused to provide a payment history. Doc. 29, Resp., 4; Doc. 20-1, Proposed Am. Compl., ¶ 26 n.2. Capital Fund says it notified Gray Dog that these statements were false, yet Plaintiff "has refused to rectify its pleadings" even after Gray Dog's counsel "stated he would amend his motion." Doc. 29, Resp., 4. Gray Dog's explanation for its failure to timely move for leave to amend is unavailing because Gray Dog had the supplemental documents it requested when it filed its Motion.

B.  *The Other Factors are Neutral or Favor a Finding of Good Cause but do not Outweigh Gray Dog's Explanation for its Failure to Timely Amend.*

Although the other factors are neutral or favor a finding of good cause, they do not overcome Gray Dog's failure to provide a good explanation for its delay. First, the amendment is important to Gray Dog. "Amendments are considered important when they potentially provide additional

grounds for [a party] to recover . . . or directly affect a party's prospects of ultimate recovery." *AFS Logistics, LLC v. Tetria Glob. Logistics*, No. 4:21-CV-01086-O, 2022 WL 3904697, at *2 (N.D. Tex. May 11, 2022) (O'Connor, J.) (citations omitted). Because Gray Dog's Amended Complaint adds three new parties, eight new claims, and an amended claim for declaratory judgment, it potentially provides additional grounds to recover. *See* Doc. 20-1, Am. Compl.

Second, allowing Gray Dog to amend its Complaint could unduly prejudice Capital Fund, but the Court finds this factor is neutral. *See S&W Enters., L.L.C.*, 315 F.3d at 536. The Fifth Circuit has noted that granting leave to amend after the opposing party has moved for summary judgment could result in the unfair denial of summary judgment because of a new legal theory the opposing party could not have anticipated. *See Overseas Inns S.A. P.A. v. United States*, 911 F.2d 1146, 1151 (5th Cir. 1990). But Capital Fund filed a Motion for Summary Judgment three days after removing the case to this Court and before the Court issued a Scheduling Order or opened discovery. *See* Doc. 6, Mot. Summ. J. And although allowing Gray Dog to add several new claims and parties would increase litigation costs, Gray Dog moved to amend less than three months after the Court issued its scheduling order, two months before discovery closes, and three months before the dispositive motions deadline. *See* Doc. 12, Scheduling Ord., 1. Capital Fund has time to respond to Gray Dog's additional claims, which disfavors a finding of incurable prejudice. But because granting leave would require additional motions practice after Capital Fund already filed a Motion for Summary Judgment, the Court finds this factor is neutral.

Third, any prejudice to Capital Fund might be cured by a continuance. *See S&W Enters., L.L.C.*, 315 F.3d at 536. This case was filed five months ago, and "[n]o formal discovery has occurred"

beyond initial disclosures. Doc. 20, Mot., 5. Accordingly, a continuance might cure any prejudice that Capital Fund would experience if Gray Dog received leave to amend.

The other factors do not outweigh the flaws in Gray Dog's explanation for failing to timely move for leave. *See McCain v. JP Morgan Mortg. Acquisition Corp.*, No. CV 20-987, 2021 WL 1123565, at *3 (E.D. La. Mar. 24, 2021) ("The Fifth Circuit has held that it is within the district court's discretion to deny leave to amend under Rule 16(b)(4) if it finds the plaintiff has not satisfied the first good-cause factor." (citing *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012)).

## IV.

## CONCLUSION

Accordingly, the Court **DENIES** Gray Dog's Motion for Leave to File a First Amended Complaint with Joinder (Doc. 20).

**SO ORDERED.**

**SIGNED: July 21, 2025.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE