UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GRAY DOG INVESTMENTS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-CV-0331-B |
| | § | |
| CAPITAL FUND REIT, LLC, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Capital Fund REIT, LLC ("Capital Fund")'s Motion for Summary Judgment (Doc. 6) and Motion to Expunge Lis Pendens (Doc. 21).[1] For the following reasons, the Court **GRANTS** Capital's Motion for Summary Judgment (Doc. 6) and Motion to Expunge Lis Pendens (Doc. 21). A final judgment will follow.

I.

BACKGROUND

In this wrongful foreclosure case, Capital Fund foreclosed on a property (the "Property") owned by Plaintiff Gray Dog Investments, LLC ("Gray Dog") in October 2024. Doc. 1-3, Pet., ¶ V.5. In June 2023, Gray Dog signed a note to get a loan from Capital Fund for the Property. Doc. 33-1, Pl.'s App'x, 2. The note was secured by a deed of trust,[2] which Gray Dog's managing member, Andrew Do, signed. *Id.* at 9–20. The loan matured in June 2024. *Id.* at 2. Under the deed of trust,

---

[1] Plaintiff Gray Dog Investments, LLC, filed both a Response (Doc. 32) and an Objection (Doc. 31) to Capital Fund's Motion. The Court considers both filings here in response to Capital Fund's Motion for Summary Judgment because both briefs combined are fewer than 50 pages. *See* N.D. Tex. L.R. 56.5(b).

[2] The deed of trust was assigned from Capital Fund I LLC to EB&T LOC, LLC, Doc. 8, Def.'s App'x, 36, and then to Defendant Capital Fund on January 1, 2024. *Id.* at 39. The Court only refers to Capital Fund in this Order.

Capital Fund could foreclose on the property if Gray Dog failed to pay off the loan by June 2024. *See id.* at 3–4, 14. Gray Dog did not pay off the loan by that date. *Id.* at 42.

Capital Fund scheduled the foreclosure sale for October 1, 2024. Doc. 8, Def.'s App'x, 104. It sent Gray Dog a foreclosure notice by certified mail no later than September 4, 2025. *Id.* at 104–12. The notice said the sale would occur on October 1, 2024, at a court in Dallas County. *Id.* at 104–05. Capital Fund also posted the notice at the courthouse on September 5, 2024, and filed it with the Dallas County clerk's office. *Id.* at 128.

Capital Fund bought the property at the October 1 foreclosure sale. *Id.* at 123–24. It obtained a writ of possession on February 4, 2025. *Id.* at 165. At the time of the foreclosure, Lisa Nguyen, another member of Gray Dog, was still living at the Property with her two daughters. Doc. 33-1, Pl.'s App'x, 78. Capital Fund posted a notice to vacate on the Property on February 6, 2025, and evicted Nguyen and her daughters. *Id.* at 83.

Before Nguyen was evicted, Gray Dog sued Capital Fund in state court seeking a temporary restraining order and asking the court to enjoin Capital Fund from evicting Nguyen. Doc. 1-3, Pet., ¶¶ VI.5–7. Gray Dog also brought claims for wrongful foreclosure, wrongful eviction, and declaratory judgment. *Id.* ¶¶ V.5–8. Capital Fund removed the case to this Court. *See* Doc. 1, Notice Removal. Because Nguyen has been evicted, Gray Dog withdrew its request for injunctive relief. Doc. 33, Resp., 14. Gray Dog's wrongful foreclosure, wrongful eviction, and declaratory judgment claims are still before the Court. Capital Fund filed a Motion for Summary Judgment seeking to dismiss each of these claims. *See* Doc. 6, Mot. Capital Fund also filed a Motion to Expunge Lis Pendens, seeking to cancel the notice of this suit that Gray Dog filed in state court. Doc. 21, Mot. Expunge, 1. The Court considers Capital Fund's Motions below.

## II.

## LEGAL STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotations omitted). On a motion for summary judgment, the burden is on the movant to prove that no genuine issue of material fact exists. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). To determine whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the non-movant. *See Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 371–72 (5th Cir. 2002).

If the non-movant bears the burden of proof at trial, the summary judgment movant need not support its motion with evidence negating the non-movant's case. *Latimer v. SmithKline & French Labs.*, 919 F.2d 301, 303 (5th Cir. 1990). Rather, the movant may satisfy its burden by pointing to the absence of evidence to support the non-movant's case. *Id.*; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Once the movant has met its burden, the burden shifts to the non-movant, who must show that summary judgment is not appropriate. *Little*, 37 F.3d at 1075 (citing *Celotex*, 477 U.S. at 323). "This burden is not satisfied with some metaphysical doubt as to material facts, . . . by conclusory allegations, . . . by unsubstantiated assertions, or by only a scintilla of evidence." *Id.* (quotations omitted). A non-moving party with the burden of proof must "identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim," *Johnson v. Deep E. Tex.*

*Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004), and "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis in original) (quoting FED R. CIV. P. 56(e)). Finally, the evidence plaintiff proffers "must be competent and admissible at trial." *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

## III.

## ANALYSIS

First, the Court **GRANTS** Capital Fund's Motion for Summary Judgment. Second, the Court **GRANTS** Capital Fund's Motion to Expunge.

A.   *Capital Fund is Entitled to Summary Judgment.*

First, the Court grants Capital Fund's Motion for Summary Judgment because there is no genuine issue of fact on Gray Dog's wrongful foreclosure, wrongful eviction, or declaratory judgment claims. Second, the Court overrules Gray Dog's objection to Capital Fund's early filing of its Motion because the evidence establishes there is no dispute of fact on Gray Dog's claims.

1. <u>There is No Genuine Issue of Fact on Gray Dog's Wrongful Foreclosure Claim.</u>

First, there is no genuine issue of fact on Gray Dog's wrongful foreclosure claim. To establish a wrongful foreclosure claim, a plaintiff must show: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Villanova v. F.D.I.C.*, 511 S.W.3d 88, 101 (Tex. App.—El Paso 2014, no pet.). "Failure to comply with the notice requirements . . . prescribed by law constitutes a defect in the foreclosure sale proceedings." *Wilmoth v. Fed. Home Loan Mortg. Corp.*, No. 4:11-CV-4613, 2013 WL 4040375, at *2 (S.D. Tex. Aug. 6, 2013) (citing *Univ. Sav. Ass'n v. Springwoods Shopping Ctr.*, 644

S.W.2d 705, 706 (Tex.1982)). Here, Gray Dog failed to show any defect in Capital Fund's foreclosure proceeding. First, the notice was sufficient under Texas Property Code § 51.002. Second, the Court will not consider Gray Dog's claim that it was not in default.

    *i.*  *Capital Fund gave sufficient notice under § 51.002.*

Capital Fund provided sufficient notice of the foreclosure proceeding. Texas Property Code § 51.002 requires notice of a foreclosure sale to be provided 21 days before the date of sale. TEX. PROP. CODE § 51.002(b). Notice must be (1) posted "at the courthouse door [in] each county in which the property is located" and state the county where the property will be sold; (2) filed "in the office of the county clerk of each county in which the property is located"; and (3) served by certified mail on each debtor. *Id.* Service "by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." *Id.* § 51.002(e).

Here, Capital Fund established that it provided proper notice to Gray Dog. The notice said the foreclosure sale was on October 1, 2024. Doc. 8, Def.'s App'x, 104. Therefore, notice had to be complete by September 10, 2024. *See* TEX. PROP. CODE § 51.002(b) (requiring notice to be complete by 21 days before the foreclosure sale). Capital Fund provided an affidavit stating that the notice was posted at the courthouse on September 5, 2024, in Dallas County, which is where the Property was located and would be sold. Doc. 8, Def.'s App'x, 104, 128. The same affidavit attests that the notice was filed in the Dallas County clerk's office. *Id.* at 128. And the affidavit is sworn to by someone with personal knowledge. *See* FED. R. CIV. P. 56(c)(4). Thus, Capital Fund met the first two notice requirements under § 51.002(b)(1)–(2).

And Capital Fund served the notice on each debtor by certified mail. *See* TEX. PROP. CODE § 51.002(b)(3). Capital Fund introduced envelopes with prepaid postage and certified mail labels. Doc. 8, Def.'s App'x, 109–10. United States Postal Service ("USPS") tracking receipts for the envelopes also indicate that the notice was deposited at the post office no later than September 4, 2024. *Id.* at 111–12. And the letter was sent to Gray Dog in care of Andrew Do, who signed the loan documents for Gray Dog. *See id.* at 15–20, 33, 110. Furthermore, Amy Teter, who was the case manager for this foreclosure, *id.* at 42–43, attested that notice was properly served on Gray Dog at least 21 days before the foreclosure sale. *Id.* at 126.

Gray Dog's objections to Capital Fund's evidence fail. First, Gray Dog objects to the envelopes on relevance grounds. It argues that because the envelopes are not postmarked by USPS, they are not relevant. Doc. 33, Resp., 7. Section 51.002(e) only requires the notice to be *deposited* in the mail, so pre-paid envelopes offer relevant evidence that Gray Dog did so. *See* FED. R. EVID. 401 ("Evidence is relevant if it has a tendency to make a fact [of consequence in determining the action] more or less probable than it would be without the evidence . . . ."). Gray Dog further argues the envelopes "violate the best evidence rule (FRE 1002)" because "the actual returned envelopes . . . would indicate whether they were actually mailed." Doc. 33, Resp., 7. The best evidence rule only requires that an original writing be produced "to prove its content." FED. R. EVID. 1002. Capital Fund offers the envelopes to show they were sent by certified mail. Their content is not at issue. The Court overrules these objections.

And Gray Dog objects to the tracking receipts because they purport to be business records of USPS, but the affiant does "not indicate her authority or knowledge of [USPS] business practices." Doc. 33, Resp., 7. This objection fails. "Federal courts routinely take judicial notice that the USPS

website states that it stores tracking records related to certified mail for two years." *GS Holistic, LLC v. Upferno Inc.*, No. 3:23-CV-00249, 2025 WL 1665182, at *2 (S.D. Tex. June 12, 2025) (collecting cases), *report and recommendation adopted*, 2025 WL 1785044 (S.D. Tex. June 27, 2025). Here, the information Capital Fund provided about the tracking number allows the Court to take judicial notice that the notice was sent by September 4, 2024. *See* USPS Tracking, Tracking Number 71901708513001067369, https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=2&text28777=&tLabels=71901708513001067369 (last visited July 22, 2025).

Gray Dog also objects to Teter's affidavit regarding service of notice because Teter does not state that the facts are within her personal knowledge or that they are true and correct. Doc. 33, Resp., 8. But a competent affidavit need only "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4). Teter says she works for Capital Fund's lawyers and had authority to make the affidavit on Capital Fund's behalf. Doc. 8, Def.'s App'x, 126; *id.* at 43 (indicating Teter is the foreclosure case manager for Capital Fund's foreclosure of Gray Dog's Property). Her affidavit need not include the magic words that the affidavit is based on personal knowledge or that it is true and correct. Teter's affidavit is made on personal knowledge, sets out admissible facts, and shows she is competent to testify. FED. R. CIV. P. 56(c)(4).[3]

In addition to its evidentiary objections, Gray Dog argues the notice was insufficient. Gray Dog argues Capital Fund did not provide sufficient notice because neither Lisa Nguyen—Gray Dog's managing member—nor anyone else at Gray Dog received notice of the foreclosure sale. Doc. 1-3,

---

[3] Gray Dog objects to additional summary judgment evidence that Capital Fund provided. *See* Doc. 33, Resp., 7–8. The Court only discussed Gray Dog's objections to the evidence the Court used in reaching its conclusions.

Pet., ¶ IV.6, Doc. 33, Resp., 10–11. First, Lisa Nguyen was not entitled to notice because "under Texas law, there is no duty to notify those who are not parties to the deed of trust." *Long v. Fed. Home Loan Mortg. Corp.*, No. 3:07-CV-0859-N, 2007 WL 9717422, at *3 (N.D. Tex. Dec. 12, 2007) (Godbey, J.) (citing *Am. Sav. & Loan Ass'n of Hous. v. Musick*, 531 S.W.2d 581, 588 (Tex. 1975)). Gray Dog is the only borrower listed on the deed of trust. *See* Doc. 8, Def.'s App'x, 22.

Second, Gray Dog cannot create a genuine issue of material fact by introducing evidence that it never received notice. Service "by certified mail is complete when the notice is *deposited* in the United States mail," not when it is *received*. *Id.* § 51.002(e) (emphasis added). "In interpreting Section 51.002(e), Texas courts have recognized that the dispositive inquiry is not receipt of notice, but, rather, service of notice." *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) (quotation and emphasis omitted) (collecting cases).

And Gray Dog's analogy to *Sauceda v. GMAC Mortgage Corp.* is unavailing. *See* Doc. 33, Resp., 10–11. There, the court held that "a fact issue remained as to whether the [plaintiffs] were served with the notice" because of conflicting testimony from opposing parties. *Sauceda*, 268 S.W.3d 135, 140 (Tex. App.—Corpus Christi-Edinburg 2008, no pet.). Defendant's attorney attested notice was served, which was prima facie evidence of proper notice. *Id.* at 139–40. But Plaintiff rebutted this evidence by providing "controverting testimony that he never received the certified letters advising him of the foreclosure sale." *Id.* Unlike the dueling affidavits in *Sauceda*, the evidence before the Court here includes copies of envelopes sent by certified mail, with prepaid postage, and tracking receipts indicating the notice was sent no later than September 4, 2024, before the 21-day deadline. Doc. 8, Def.'s App'x, 110–12; *see also Douglas v. Wells Fargo Bank, N.A.*, 992 F.3d 367, 372 (5th Cir. 2021) (finding *Sauceda* inapposite when the mortgage servicer "provided the notice letters themselves

as well as scanned copies of the certified mail envelopes bearing the [debtor's] name[] and address"). Therefore, while Gray Dog provided an affidavit of Lisa Nguyen attesting that no one from Gray Dog received the notice, this affidavit cannot rebut Capital Fund's evidence of service. There is no genuine dispute that Capital Fund complied with § 51.002 to notify Gray Dog of the foreclosure sale.

> ii. *The Court will not consider Gray Dog's claim that it was not in default.*

The Court will not consider Gray Dog's claim that it was ahead on payments because it did not raise this in its Petition. "[A] claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court . . . ." *Jones v. Wells Fargo Bank, N.A.*, 858 F.3d 927, 935 (5th Cir. 2017) (citation omitted). This rule applies not only to new causes of action, but also to new grounds to support claims brought in the complaint. *See id.* at 934–35. Gray Dog's payment claim is therefore not properly before the Court, so the Court will not find it creates a genuine issue of fact. *See id.* Accordingly, the Court grants Capital Fund summary judgment on Gray Dog's Wrongful Foreclosure Claim.

2. <u>There is No Genuine Issue of Fact on Gray Dog's Wrongful Eviction Claim.</u>

Next, the Court finds there is no genuine dispute of fact on Gray Dog's wrongful eviction claim. "The sole basis of [Gray Dog's] wrongful eviction claim . . . is that because [Capital Fund] had no right to foreclose, [it] had no right to declare [Gray Dog] a tenant at sufferance and had no right to evict [it]." *Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800, 813 (N.D. Tex. 2012) (McBryde, J.), *aff'd*, 538 F. App'x 391 (5th Cir. 2013); *see also* Doc. 1-3, Pet., ¶¶ V.5–6, Doc. 33, Resp., 11–12. Because Gray Dog's wrongful foreclosure claim fails, the Court grants Capital Fund summary judgment on Gray Dog's wrongful eviction claim. *See Richardson*, 873 F. Supp. 2d at 813.

### 3. There is No Genuine Issue of Fact on Gray Dog's Declaratory Judgment Claim.

The Court next grants summary judgment on Gray Dog's declaratory judgment claim. "When a plaintiff's substantive claims have been dismissed, 'it is appropriate also to dismiss any declaratory-judgment request.'" *Vasquez v. United States*, No. 3:24-CV-0629-S, 2025 WL 847882, at *7 (N.D. Tex. Mar. 18, 2025) (Scholer, J.) (quoting *Stallings v. CitiMortgage, Inc.*, 611 F. App'x 215, 218 (5th Cir. 2015)). Because Gray Dog's substantive claims are dismissed, the Court cannot grant declaratory relief.

### 4. Gray Dog's Objection to Capital Fund's Motion for Summary Judgment is Overruled.

Finally, the Court overrules Gray Dog's Objection (Doc. 31). Gray Dog asks the Court to deny Capital Fund's Motion for Summary Judgment without prejudice or delay ruling until there has been sufficient time for discovery. Doc. 31, Obj., 8. When a "plaintiff's proof must come mainly from sources largely within the control of the defendants, . . . [s]ummary judgment should not . . . ordinarily be granted before discovery has been completed." *Ala. Farm Bureau Mut. Cas. Co. v. Am. Fid. Life Ins. Co.*, 606 F.2d 602, 609 (5th Cir. 1979) (citations and quotations omitted). If a nonmovant shows "it cannot present facts essential to justify its opposition" to a motion for summary judgment, the court may defer ruling, deny it, allow time for discovery, or issue another appropriate order. FED. R. CIV. P. 56(d).

Here, the Court rules on Capital Fund's Motion because none of the facts at issue require additional discovery. Gray Dog's claims rest solely on its argument that Capital Fund did not comply with § 51.002's notice requirements. *See generally* Doc. 1-3, Pet. The Court already found that the evidence before it conclusively established sufficient notice under § 51.002. And Gray Dog's Objection does not argue it needs additional discovery for this claim. *See generally* Doc. 31, Obj.

Instead, Gray Dog argues that it requires additional time and discovery to assert different claims against different parties. Doc. 31, Obj., 3, 5–6. But the Court already denied Gray Dog leave to add new parties or a claim that it was ahead on payments. *See* Doc. 42, Mem. Op. & Ord., 1. The Court will not now provide time for additional discovery on claims that are not part of Gray Dog's pleadings. Gray Dog's Objection is overruled.

B.   *The Court Orders Gray Dog's Notice of Lis Pendens be Expunged.*

The Court grants Capital Fund's Motion to Expunge Lis Pendens and cancels Gray Dog's notice of lis pendens. A notice of lis pendens gives notice "to the whole world" of a pending litigation. *Hamman v. Sw. Gas Pipeline, Inc.*, 821 F.2d 299, 304 (5th Cir. 1987) (citation omitted), *vacated in part on other grounds*, 832 F.2d 55 (5th Cir. 1987). A court dismissing a plaintiff's claims can also cancel the plaintiff's lis pendens. *See Valley Ranch Dev. Co. v. F.D.I.C.*, 960 F.2d 550, 555 (5th Cir. 1992). Here, because the Court dismisses each of Gray Dog's claims, Gray Dog's notice of lis pendens should be cancelled. *See id.*

## IV.

## CONCLUSION

Accordingly, the Court **GRANTS** Capital Fund's Motion for Summary Judgment (Doc. 6) and Motion to Expunge Lis Pendens (Doc. 21). A final judgment will follow.

**SO ORDERED.**

**SIGNED: August 1, 2025.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE